**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Brill,<br><br>    Plaintiff,<br><br>v.<br><br>Lawrence Transportation Company, *et al.*,<br><br>    Defendants. | No. CV-17-01766-PHX-JJT<br><br>**ORDER** |

At issue is Defendants William Smith and Lawrence Transportation Company's Motion for Partial Summary Judgment (Doc. 70, Mot.), to which Plaintiff Jay Brill filed a Response (Doc. 73, Resp.), and Defendants filed a Reply (Doc. 77, Reply). The Court resolves Defendants' Motion without oral argument. *See* LRCiv 7.2(f).

**I.  BACKGROUND**

Defendant William Smith was employed as a truck driver by Defendant Lawrence Transportation Company. In the three years prior to his employment with Lawrence, Smith committed three moving violations and had two preventable accidents. Despite these incidents, representatives of Lawrence deemed him qualified for the truck driver position during the hiring process.

On February 21, 2017, Plaintiff and Smith were involved in a collision on Avenue 7E in Yuma County, Arizona. Avenue 7E is a roadway consisting of two lanes heading westbound and two lanes heading eastbound, separated by a center turn lane. At the time

of the collision, Smith was operating a trailer and truck in the course and scope of his employment with Lawrence. While driving eastbound, Smith realized he was driving in the wrong direction, and he pulled onto the shoulder of the roadway. After speaking with his dispatcher and realizing he needed to drive westbound, he executed a U-turn across all five lanes of Avenue 7E. At the same time, Plaintiff was heading eastbound, and his motorcycle collided with Smith's trailer. According to Lawrence's company policy, Smith was required to maintain logs detailing the performance of his duties and submit them at the end of specified periods of time. However, the logs pertaining to this trip are unaccounted for.

In his Complaint (Doc. 1-1 at 5-9, Compl.), Plaintiff seeks damages for injuries caused by the alleged negligence of Smith and Lawrence, as well as punitive damages. Lawrence now moves for partial summary judgment on Plaintiff's punitive damages claim and on any direct negligence claims against it.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence

tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

#### A. Negligence Claim

In his Complaint, Plaintiff raises multiple claims alleging negligence on the part of both Smith and Lawrence. Although the negligence claims do not include specific theories of negligence, direct liability theories such as negligent hiring, entrustment, retention, training, and supervision on the part of Lawrence may be inferred. As a result, Lawrence has moved for partial summary judgment as to any potential claims of negligent hiring, entrustment, retention, training, and supervision that Plaintiff is raising. Lawrence admits that, under the doctrine of *respondeat superior*, it is vicariously liable for Smith's actions because Smith was acting within the course and scope of his employment at the time of the collision. (Mot. at 1-2.) However, Lawrence argues that, because it has conceded vicarious liability, any direct liability claims are subsumed and rendered superfluous by the vicarious liability claims.

Lawrence cites *Lewis v. Southern Pacific Company*, in which the Arizona Supreme Court stated that "failure of an employer to hire only competent and experienced employees does not itself constitute an independent ground of actionable negligence." 425 P.2d 840, 841 (Ariz. 1967). However, since *Lewis*, Arizona has adopted new theories of joint and several liability and comparative negligence. *See* A.R.S. § 12-2501. Additionally, multiple

subsequent cases decided by the Arizona Court of Appeals have held that the holding in *Lewis*—that negligent hiring and supervision is not an independent ground of actionable negligence against the employer—is limited. *See Quinonez in re Quinonez v. Andersen*, 696 P.2d 1342 (Ariz. Ct. App. 1984); *Pruitt v. Pavelin*, 685 P.2d 1347 (Ariz. Ct. App. 1984); *Kassman v. Busfield Enterprises, Inc.*, 639 P.2d 353 (Ariz. Ct. App. 1981) (recognizing negligent hiring, training, and supervision as a separate cause of action against an employer).

As a result, the Court finds that *Lewis* is not controlling in this matter and Arizona law allows Plaintiff to allege direct liability claims in addition to claims of vicarious liability. Because Lawrence's Motion only challenges the legal viability of Plaintiff's negligence claim against it, the Court will deny Lawrence's Motion for Partial Summary Judgment as to Plaintiff's direct liability claims.[1]

### B. Punitive Damages

Lawrence has also moved for partial summary judgment as to Plaintiff's claim for punitive damages. Under Arizona law, a separate cause of action does not exist for punitive damages; instead, "the right to an award of punitive damages must be grounded upon a cause of action for actual damages." *Quiroga v. Allstate Ins. Co.*, 726 P.2d 224, 226 (Ariz. Ct. App. 1986). Additionally, summary judgment on the question of punitive damages is inappropriate if "a reasonable jury could find the requisite evil mind by clear and convincing evidence." *Thompson v. Better–Bilt Aluminum Prods. Co.,* 832 P.2d 203, 211 (Ariz. 1992). In determining whether a defendant exhibited an "evil mind," courts consider "the nature of the defendant's conduct, including the reprehensibility of the conduct and the severity of the harm likely to result, as well as the harm that has occurred [in addition to] [t]he duration of the misconduct, the degree of defendant's awareness of the harm or risk of harm, and any concealment of it." *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073, 1080

---

[1] In its Motion (Mot. at 7), Lawrence also states in passing that "Plaintiff has not produced a trucking expert to give an opinion on the standard of care" for Lawrence. However, Lawrence neither cites legal authority nor requests summary judgment on Plaintiff's negligence claim on this basis.

- 4 -

(Ariz. 1987). The primary question where punitive damages are concerned is motive, because gross negligence and reckless disregard are not enough. *Volz v. Coleman Co., Inc.,* 748 P.2d 1191, 1194 (Ariz. 1987). Because defendants rarely admit to an "evil mind," improper motive is often inferred from sufficiently oppressive, outrageous, or intolerable conduct. *Id.*

Here, Plaintiff has conceded that the record does not establish sufficient facts to create a genuine dispute as to the imposition of punitive damages. (Resp. at 2.) The Court will therefore grant Lawrence's Motion for Partial Summary Judgment as to punitive damages.[2]

## IV. CONCLUSION

The Court finds that Plaintiff may bring a claim of direct liability against Lawrence in addition to a claim of vicarious liability. The Court also finds that Plaintiff has failed to raise a genuine issue of material fact as to his punitive damages claim.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendants' Motion for Partial Summary Judgment (Doc. 70). The Court denies the Motion as to Plaintiff's direct negligence claims. The Court grants the Motion as to Plaintiff's punitive damages claim. This matter will be set for trial, and the Court will set a pre-trial status conference by separate Order.

Dated this 20th day of December, 2018.

Honorable John J. Tuchi
United States District Judge

---

[2] Although Plaintiff requests that the Court defer any decision on the availability of punitive damages until trial, Plaintiff was obligated, upon Lawrence's filing of a Motion for Summary Judgment, to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Plaintiff has failed to do so, and Lawrence is thus entitled to summary judgment on Plaintiff's request for punitive damages.